## L. E. RITER AND W. G. VAN HORNE, APPELLANTS, *v.* THE SUN FOUNDRY & MACHINE COMPANY AND A. A. NOON, RESPONDENTS.

GUARANTY BY OFFICER OF CORPORATION.—The treasurer of a corporation wrote a letter accepting for the corporation plaintiffs' offer to sell certain property at a specified price, in which letter he said: "I will guaranty you the money between 30 and 40 days," and signed the letter " A. A. Noon, Treasurer Sun Foundry Co." *Held*, that this language was only an assurance that the company would pay during that time, and not a personal guaranty of payment.

(No. 508.   Decided June 7, 1894.   37 P. R. 257.)

APPEAL from the district court of the first judicial district.   Hon. H. W. Smith, *Judge.*

Action by L. E. Riter and W. G. Van Horne against the Sun Foundry & Machine Company and A. A. Noon. Plaintiffs recovered judgment against the company only. From the judgment in favor of A. A. Noon, plaintiffs appeal.   *Affirmed.*

*Messrs. Williams, Van Cott & Sutherland,* for appellants.

The general rule is that in order to bind the principal and exempt the agent from liability upon a contract, the agent who executes it must not only name his principal, but must by some form of words express that the contract is that of his principal; and the mere description of the agent's general relation without indicating that the particular signature is made as agent, is not sufficient to exempt the agent from liability.   *Tucker Mnfg. Co.* v.

*Fairbanks,* 98 Mass. 101, 104; *Simonds* v. *Heard,* 23 Pick. 120, 34 Am. Dec. 41; *Collins* v. *Buckeye State Ins. Co.,* 17 Ohio St. 215, 93 Am. Dec. 612; *Sturdivant* v. *Hall,* 59 Me. 172, 8 Am. Rep. 409; *Mellen* v. *Moore,* 68 Me. 390, 28 Am. Rep. 77; *Dayton* v. *Warne,* 43 N. J. L. 659; Story on Agency, § 269. Cited also Mechem on Agency, 446–7; *Hall* v. *Farmer,* 5 Denio, 487; *Gridley* v. *Capen,* 72 Ill. 13; *McLaren* v. *Watson,* 26 Wend. 435.     Noon intended to guarantee payment for the company.  He says (speaking for the company), "We will accept your offer," then (speaking for himself), "I will guarantee you the money;" and again, (speaking for the company), "We will send men to take it down at once."  De Colyar on Guar. 7; see also 2 Parsons on Con. 501, note T; Bishop on Con. 381; *Thrall* v. *Newell,* 19 Vt. 202; S. C. 47 Am. Dec. 682, 684.

*Messrs. Kellogg & Corfman,* for Noon, respondent.

We contend that the language of these letters show beyond any possible doubt that the Sun Foundry & Machine Co. is charged with all liability, and that defendant Noon cannot be personally held.  *Falk* v. *Moebs,* 127 U. S. 597.

MERRITT, C. J.:

In this case the suit was brought by the plaintiffs against the defendants, the Sun Foundry & Machine Company and A. A. Noon, to recover the price of certain property sold by plaintiffs to the defendant company.  On the trial of the case in the court below, judgment was entered in favor of plaintiffs against the defendant foundry, and in favor of the defendant Noon.  The purchase of the property was made by means of a letter, addressed to the plaintiff Riter, as follows (Exhibit A): "Sun Foundry Machine Shops, Provo City, Utah, July 16th, 1891.  Dear Sir:  We will accept your offer for the whole plant now

on the ground, old Copperopolis mill, for the sum you name, $650. I will guaranty you the money between thirty and forty days. Please answer by return mail, and we will send men to take it down, etc., at once. Respectfully, A. A. Noon, Treasurer." To this letter the plaintiff Riter, on July 17, 1891, replied as follows (Exhibit B): "L. E. Riter & Co., Silver City, Utah, July 17, 1891. A. A. Noon, Esq., Treasurer Sun Foundry and Machine Co., Provo— Dear Sir: Your acceptance of my price for the old Copperopolis Mill, i. e. $650, is binding. Your modification of terms of payment, wherein you guaranty payment within or between 30 and 40 days, is satisfactory. Resp'y yours, L. E. Riter."

It is an admitted fact, and so found by the court below, that at the time these letters were written the defendant Noon was the treasurer of the defendant corporation; that by means of said letters defendant corporation contracted the debt sued upon by plaintiffs. The answer and acceptance of its terms, as shown by Exhibit B, was addressed to "A. A. Noon, Esq., Treasurer Sun Foundry & Machine Co., Provo." The language of these letters shows that the Sun Foundry & Machine Company is charged with all liability, and that the defendant Noon cannot be personally held. *Falk* v. *Moebs,* 127 U. S. 597, 8 Sup. Ct. 1319. It does not appear that there is any personal contract of guaranty entered into by defendant Noon. So far as these letters show, the defendant corporation bought the property from plaintiffs for $650, to be paid between 30 and 40 days. We can only determine the time given for payment by the defendant corporation by the language used by Noon. We think that Noon, in using this language, only meant to assure the plaintiffs that the defendant corporation would pay the plaintiffs within the time designated, and did not intend to assume any personal responsibility. None of the authorities cited in appellants'

brief hold that an expression of this kind has ever been held to be a guaranty.    Judgment affirmed.

MINER and BARTCH, JJ., concur.